1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.D. MAGDALINA KALINCHEVA,<br><br>                           Plaintiff,<br>   vs.<br><br>JESSE NEUBARTH,<br><br>                     Defendant. | NO. 13-CV-789-MMA(WVG)<br><br>Related to: 13-CV-384-MMA(BLM)<br><br>ORDER *SUA SPONTE* DISMISSING CASE |

Plaintiff Magdalina Kalincheva, proceeding *pro se*, has filed a Complaint without paying the requisite filing fee or moving the Court for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons stated below, the Court *sua sponte* dismisses Plaintiff's Complaint and grants Plaintiff leave to amend.

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

13CV789

Plaintiff has not prepaid the $350 filing fee required to commence a civil action, nor has she submitted a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).  Therefore, the action cannot proceed.  *Id.*

However, regardless of whether Plaintiff pays the filing fee, the Court must dismiss a case at any time if it is determined that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.  *See* 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327; *see also* 28 U.S.C. § 1915(e).

Further, Federal Rule of Civil Procedure 8(a) provides:  "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Generally, courts must broadly construe pleadings filed by *pro se* litigants, affording *pro se* plaintiffs any benefit of the doubt.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).  However, even when receiving liberal construction, *pro se* litigants must still comply with the Federal Rules of Civil Procedure, including Rule 8.  *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

1    The Court finds the Complaint does not in any way show how Plaintiff is

2  entitled to relief in federal court under any decipherable or cognizable legal theory,

3  does not provide facts sufficient to establish personal or subject matter jurisdiction,

4  and does not provide the proper basis for propriety of venue in this District.

5  Importantly, Plaintiff has not alleged facts to establish personal jurisdiction over

6  herself or the defendant.  Both she and the defendant live in northern California.

7  Nor does any of the alleged conduct occur within the Southern District of California.

8  Moreover, Plaintiff's allegations are indecipherable.  As an illustration of the type of

9  rambling and incoherent text contained in the Complaint, the second page of her

10  Complaint reads as follows:

11    **1. Jurisdiction:  28 U.S.C.§ 1332bc Diversity-Breach of Contract, The**
     **_Erie_ Doctrine, Federal question-Breach of Contract 28 U.S.C. § 1331bc,**
12    **Supplemental 28 USC § 1367**
     [website omitted]
13    **28 USC CHAPTER 89 - Removal Jurisdiction**
     [website omitted]
14    Husband executed on my behalf Affidavit of Support Federal contract which
     merged and incorporated our marriage contract papers into it pursuant to
15    **INA, INA ACT §  213A §  213.A(e) §  213Aa(a)(1)(B) [8 U.S.C.A § 1183a,**
     **§ 1183a(e), § 1183a(a)(1)(B) § 1183], INA ACT § 212 [8 U.S.C. § 1182],**
16    form Instructions, Federal policies **8 U.S.C.A §§ 1601, 1611-1615, 1621-**
     **1625, 1631-1632, 1641-1646**, and Regulations **8 C.F.R. § 213a.2** with
17    American Embassy in Sofia - Bulgaria with the purpose to protect me from
     poverty to prevent me from becoming a public charge, but failed to meet his
18    obligations under it.
     . . . .
19    Not only did he not do anything do not create income sources for me, but also
     stole everything from me by ACTUAL FRAUD, PERJURY, DURESS, Legal
20    Malpractice in the wrong non-jurisdictional local Superior court none of our
     documents were filed with did not consider Affidavit and its core purpose
21    guarantee violating all laws at our illegal divorce 244725 and after it by
     forcing me into illegal renting deliberately caused extreme poverty, and our
22    case turned into abduction hostage kept in extreme poverty no car extreme
     cruelty causing disability inevitable public charge stolen life Food Stamps
23    STOLEN LIFE 67 years murder attempts now.

24  [Doc. No. 1 at 2 (all formatting in original).]  Plaintiff's Complaint continues in this

25  manner for a total of 62 pages.  Moreover, the civil cover sheet attached to the

26  Complaint lists "INA ACT 213A 8 U.S.C. § 1183a INA ACT 212 8 U.S.C. § 1182 8

27  U.S.C. §§ 1601 1611-1615 1621-1625 1631-32" as federal statutes under which

28

Plaintiff is filing.  [Civil Cover Sheet, Doc. No. 1-1 at 1.]  She further lists "I-864 major breach, illegal divorce 1992, WRONGFULL [sic] UNEMPLOYMENT since 1991, STOLEN LIFE 67 YEARS" under the "Brief description of cause" section of the cover sheet.  [*Id.* (formatting in original).]  However, it is impossible to decipher any such causes of action, or any other cognizable legal theories, from the text of Plaintiff's Complaint itself.

To the extent Plaintiff alleges a breach of an "I-864 contract," she has previously attempted to bring an identical claim against Defendant in the Eastern District of California and in this Court as well.  *See Kalincheva v. Neubarth*, No. 12-CV-2231-JAM, 2012 U.S. Dist. LEXIS 154334 (E.D. Cal. Oct. 25, 2012) (Magistrate Judge's Report and Recommendation subsequently adopted in full by District Judge).[1]  There, the court recommended dismissal of Plaintiff's claims *with* prejudice and explained to her the deficiencies of her complaint and with this claim in particular.  A review of the docket in that case shows that the District Judge adopted the Magistrate Judge's Report and Recommendation in full and dismissed her claims on December 31, 2012.  Because Plaintiff's claim was dismissed *with* prejudice, she cannot bring that same claim in this Court.  Moreover, the Court finds *all* of the deficiencies the court explained in the Report and Recommendation in the Eastern District case apply with equal force to Plaintiff's Complaint in the case at bar.  Both cases appear to allege identical claims against an identical Defendant.

Dismissal of this Complaint, especially without prejudice, is warranted under a variety of rules of civil procedure.  *See Amsterdam v. Office of Hawaiian Affairs*, 2011 U.S. Dist. LEXIS 91639 at *8-9 (D. Haw., Aug. 16, 2011) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984)) (explaining that a paid complaint that is "obviously frivolous" may be dismissed *sua sponte* for numerous grounds,

---

[1] Plaintiff specifically identified this case in response to the following question in the IFP application from the previous, related case filed in this Court:  "Does the complaint which you are seeking to file raise claims that have been presented in other lawsuits?"

including Rule 12(b)(6), Rule 12(b)(1), and Rule 8 itself); *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007) (stating that dismissing a case under Rule 41(b) for failure to comply with Rule 8 allows the plaintiff "another go at trimming the verbiage; accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular proceedings.").

Accordingly, this action is **DISMISSED without prejudice**.  Through this Order of dismissal, Plaintiff has notice of the Complaint's deficiencies and an opportunity to respond by filing an Amended Complaint.  If Plaintiff wishes, she may file an Amended Complaint that adheres to the pleading requirements of Rule 8 **no later than April 29, 2013**.  At the same time, she must also either pay the $350 filing for or file a motion to proceed *in forma pauperis*.  Any such Amended Complaint must set forth a clear statement of Plaintiff's claims in order to give Defendant a fair opportunity to respond and to allow the Court to perform its responsibilities in managing this action.  The Court further directs Plaintiff to the Report and Recommendation issued in her previous case in the Eastern District of California for additional guidance.  *Kalincheva v. Neubarth*, 2012 U.S. Dist. LEXIS 154334 (E.D. Cal. Oct. 25, 2012).  If Plaintiff fails to file an Amended Complaint, this case shall remain closed without further Order of the Court.

**IT IS SO ORDERED.**

DATED:  April 10, 2013

Hon. Michael M. Anello
United States District Judge