**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.D. MAGDALINA KALINCHEVA,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>JESSE NEUBARTH,<br><br>　　　　　　　　　　Defendant. | NO. 13-CV-789-MMA(WVG)<br><br>Related to: 13-CV-384-MMA(BLM)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND |

Plaintiff Magdalina Kalincheva, proceeding *pro se*, has filed a First Amended Complaint and has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons stated below, the Court dismisses Plaintiff's First Amended Complaint without leave to amend.

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff's single-page IFP motion contains no financial information from which the Court can determine whether she is entitled to IFP status. Accordingly, because the Court lacks information to grant the motion, Plaintiff's IFP motion is DENIED, and Plaintiff must pay the filing fee in this action.

However, regardless of whether Plaintiff pays the filing fee, the Court must dismiss a case at any time if it is determined that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *see also* 28 U.S.C. § 1915(e).

Further, Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Generally, courts must broadly construe pleadings filed by *pro se* litigants, affording *pro se* plaintiffs any benefit of the doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). However, even when receiving liberal construction, *pro se* litigants must still comply with the Federal Rules of Civil Procedure,

including Rule 8.  *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

The Court finds the First Amended Complaint does not in any way show how Plaintiff is entitled to relief in federal court under any decipherable or cognizable legal theory, does not provide facts sufficient to establish personal or subject matter jurisdiction, and does not provide the proper basis for propriety of venue in this District.  Importantly, Plaintiff has not alleged facts to establish personal jurisdiction over herself or the defendant, and there is serious doubt that this District is the proper venue for this action.  Both she and the defendant live in northern California.  Nor does any of the alleged conduct occur within the Southern District of California.  Moreover, Plaintiff's allegations are hopelessly indecipherable.  It is impossible to decipher any cognizable statutory claims, or any other cognizable legal theories, from the text of Plaintiff's First Amended Complaint.

To the extent Plaintiff alleges a breach of an "I-864 contract," she has previously attempted to bring an identical claim against Defendant in the Eastern District of California and in this Court as well.  *See Kalincheva v. Neubarth*, No. 12-CV-2231-JAM, 2012 U.S. Dist. LEXIS 154334 (E.D. Cal. Oct. 25, 2012) (Magistrate Judge's Report and Recommendation subsequently adopted in full by District Judge).[1]  There, the court recommended dismissal of Plaintiff's claims *with* prejudice and explained to her the deficiencies of her complaint and with this claim in particular.  A review of the docket in that case shows that the District Judge adopted the Magistrate Judge's Report and Recommendation in full and dismissed her claims on December 31, 2012.  Because Plaintiff's claim was dismissed *with* prejudice, she cannot bring that same claim in this Court.  Moreover, the Court finds *all* of the deficiencies the court explained in the Report and Recommendation in the Eastern District case apply with equal force to Plaintiff's Complaint in the case at

---

[1] Plaintiff specifically identified this case in response to the following question in the IFP application from the previous, related case filed in this Court:  "Does the complaint which you are seeking to file raise claims that have been presented in other lawsuits?"

1  bar. Both cases appear to allege identical claims against an identical Defendant.

2  The Court has previously explained all of the above to Plaintiff in this case as
3  well as the related case in this District. The Eastern District of California has
4  likewise explained similar deficiencies and has dismissed her claims with prejudice.
5  However, despite being given the opportunity to amend the complaint with these
6  deficiencies in mind, Plaintiff's First Amended Complaint continues her long line of
7  rambling and incoherent filings. Indeed, Plaintiff has now filed even more
8  incoherent, rambling motions, including a "motion to import potential husband guys
9  from UK Tom Smith and my relatives - four families from Bulgaria," in which she
10 asks the Court to "import" "husband guys" "to be married and pregnant a.s.a.p."
11 Dismissal of the First Amended Complaint is warranted under a variety of rules of
12 civil procedure. *See Amsterdam v. Office of Hawaiian Affairs*, 2011 U.S. Dist.
13 LEXIS 91639 at *8-9 (D. Haw. Aug. 16, 2011) (citing *Franklin v. Murphy*, 745 F.2d
14 1221, 1227 n.6 (9th Cir. 1984)) (explaining that a complaint that is "obviously
15 frivolous" may be dismissed *sua sponte* for numerous grounds, including Rule
16 12(b)(6), Rule 12(b)(1), and Rule 8 itself). This case is the quintessential "obviously
17 frivolous" case.

18 Accordingly, this action is **DISMISSED without leave to amend**. Because
19 various exhibits Plaintiff has filed contain sensitive personal information, including
20 Defendant's Social Security Number, the following exhibits shall be **STRICKEN**:
21 Exhibit 1 to Complaint (Doc. No. 1-2); Exhibit 8 to Doc. No. 8; and Exhibit 11 to
22 Doc. No. 8. The Clerk of Court may not cause any document to be filed in this case
23 in the future without specific instruction from the Court.

24 **IT IS SO ORDERED.**

25 DATED: June 4, 2013

26
27     Hon. Michael M. Anello
       United States District Judge
28